UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHOLIC HIGH SCHOOLS OF THE DIOCESE OF PITTSBURGH, INC. and SETON LASALLE HIGH SCHOOL, INC.<br><br>        Plaintiff,<br>v.<br>FEDERATION OF PITTSBURGH DIOCESAN TEACHERS,<br><br>        Defendant. | Civil Action No: 2:21-cv-1808 |

## COMPLAINT AND MOTION TO VACATE ARBITRATION AWARD

Plaintiffs, Catholic High Schools of the Diocese of Pittsburgh, Inc. ("CHSDOP") and Seton LaSalle High School, Inc. ("Seton LaSalle") (collectively the "Employer") file the following Complaint and Motion for an order vacating the Opinion and Award of Arbitrator David V. Breen dated November 29, 2021 (the "Arbitration Award"). The Arbitration Award requires Seton LaSalle to return a teacher, who is currently on an investigatory suspension, to his teaching duties in the classroom when (1) there are two verified civil complaints filed by two separate accusers alleging sexual misconduct against minors pending against him, (2) the Employer's investigation of the allegations of such sexual misconduct is not yet complete, and (3) the teacher is receiving full pay and benefits while on the investigatory suspension.

## PARTIES

1. Plaintiff, CHSDOP, is a Section 501(c)(3) member-model non-profit corporation with offices at 2900 Noblestown Road, Pittsburgh, PA 15205.

2. Plaintiff, Seton LaSalle, is a Section 501(c)(3) member-model non-profit corporation whose sole member is CHSDOP. Seton LaSalle is a Catholic High School with a physical address of 1000 McNeilly Road, Pittsburgh, PA 15226,

3. Defendant, Federation of Pittsburgh Diocesan Teachers (the "Union") is a "labor organization" as defined in Section 2(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of 29 U.S.C. §185(a). The Union maintains its principal office at 651 Holiday Drive, Suite 535, Pittsburgh, PA 15220.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 by virtue of 29 U.S.C. §185, as well as the Federal Arbitration Act, 9 U.S.C. §10 ("FAA").

5. Venue is proper in this judicial district pursuant to both 28 U.S.C. §§1391(b)(1) and 1391(b)(2) because, respectively, the Union resides, exists, and operates in this judicial district and the events giving rise to this action occurred in this district.

## BACKGROUND

6. Seton LaSalle is one of eight Catholic High Schools, collectively referred to as the Catholic High Schools of the Diocese of Pittsburgh and/or CHSDOP, that are affiliated with the Catholic Diocese of Pittsburgh (the "Diocese").

7. CHSDOP and the Union are parties to a Collective Bargaining Agreement effective September 1, 2018 through August 31, 2021 (the "Agreement") that covers the teachers at all eight Catholic High Schools, including Seton LaSalle. The parties are currently operating under an extension to the Agreement. A true and correct copy of the Agreement is attached as Exhibit 1.

8. Article 3.4 of the Agreement provides that, "[i]n certain situations, the welfare of the students or the integrity of the High School may require the suspension of a teacher or employee. In such cases it will be the prerogative of the High School, after consultation with the Superintendent and Federation, to decide whether suspension with or without pay is necessary or

appropriate." Article 3.4 then provides that this decision of the High School (i.e., whether the suspension is with or without pay), is final pending the completion of any grievance procedure pursued on the merits.

9. Significantly, the Agreement does not specify a time frame for such a suspension or the corresponding investigation.

10. Without objection from the Union, CHSDOP has invoked Article 3.4 at least annually over the past eleven years in situations where a teacher has been accused of misconduct against a student or minor, and removal of the teacher from the classroom was necessary to protect the welfare of the students while an investigation was pending.

11. Neither the language of Article 3.4, nor the parties' past practice under Article 3.4, imposes a "just cause" requirement or a time limit for such an investigatory suspension under Article 3.4.

12. The appropriate action taken by the Employer at the end of an investigatory suspension under Article 3.4 depends on the particular circumstances and the outcome of the investigation. In essence, three things can happen: (1) the teacher is returned to the classroom with or without disciplinary action; (2) the teacher resigns; or (3) the teacher is terminated.

## FACTS

13. The Arbitration Award that is the subject of this matter was based on a grievance filed by the Union on behalf of a Seton LaSalle teacher who will hereinafter be referred to as "Grievant."

14. In October, 2018, Seton LaSalle learned that Grievant was under investigation by the Allegheny County District Attorney's Office ("District Attorney's Office") for sexual misconduct towards a minor ("Accuser No. 1") when the Grievant taught at St. Bernard School in

Mt. Lebanon, Pennsylvania. Grievant was placed on an investigatory suspension at that time pursuant to Article 3.4 of the Agreement with full pay and benefits. After approximately four to five weeks, the District Attorney's Office advised Seton LaSalle that it was closing its investigation without filing charges. Grievant was, therefore, returned to the classroom in November, 2008, without any disciplinary action.

15. In February, 2021, however, Seton LaSalle learned that yet another student, whom Grievant also taught at St. Bernard School ("Accuser No. 2"), was similarly accusing Grievant of sexual misconduct. More particularly, Seton LaSalle received information that Accuser No. 1 and Accuser No. 2 had each filed a civil action against Grievant and the Diocese, each alleging that they were sexually assaulted by Grievant as a minor student at St. Bernard School. True and correct copies of both civil complaints are attached as Exhibits 2 and 3.

16. This information was turned over to the Diocese, which eventually identified two verified civil complaints with anonymous plaintiffs against St. Bernard School and both of which only identified the accused teacher as "John Doe." The Diocese of Pittsburgh then contacted the law firm that filed both complaints and learned that Grievant was, in fact, the accused "John Doe" in both Complaints.

17. In light of these new developments, Seton LaSalle again placed Grievant on an investigatory suspension with full pay and benefits pursuant to Article 3.4 of the Agreement on February 16, 2021.

18. The Diocese, on behalf of Seton LaSalle and CHSDOP, retained a private investigator to investigate the accusations against Grievant as set forth in the civil complaints. Because it is still pending, the details of the investigation are strictly confidential.

264843203.v1

19.     Around this time, the Allegheny County Police Department ("ACPD") initiated its own investigation of Accuser No. 2's allegations. On or about September 29, 2021, the parties learned that the ACPD was closing its investigative file without filing charges. However, this does not constitute a determination that the Grievant did not, in fact, engage in the alleged conduct; nor does it obviate the need for the Employer to complete its own independent investigation.

20.     On March 26, 2021, just over a month after Grievant was placed on an investigatory suspension with full pay and benefits, the Union filed a grievance on behalf of the Grievant pursuant to Article 6 of the Agreement. The grievance ultimately led to the Union filing a Demand for Arbitration with the American Arbitration Association.

21.     The Demand for Arbitration claimed that "Employer, through its third party investigator, has not timely investigated this matter, as no investigatory findings are yet extant. Moreover, the underlying allegation is wholly fictitious."

22.     A hearing on the Union's grievance and corresponding Demand for Arbitration was held before Arbitrator Breen on October 22, 2021.

23.     CHSDOP filed a post-hearing brief setting forth facts and argument that, among other things: (1) the Union did not identify any provisions of the CBA that had been violated, (2) neither the CBA nor any other policy required that the Grievant's investigatory suspension be completed within a certain time limit; and (3) the Arbitrator was prohibited from imposing a time limit on an investigatory suspension pursuant to Article 3.4 because it would impermissibly "add to, conflict with, or alter" the parties' Agreement in violation of Article 6.16.

24.     Arbitrator Breen served the Arbitration Award on November 30, 2021, a true and correct copy of which is attached hereto as Exhibit 4.

264843203.v1

25. The Arbitration Award acknowledges that Article 3.4 of the Agreement "does not expressly state a specific time limit" for an investigatory interview. However, the Arbitrator then proceeded to add both a "just cause" requirement for an investigatory suspension, as well as a time limit for an investigatory suspension when neither exits in Article 3.4 or otherwise. These additions to the Agreement are expressly prohibited by Article 6.16, which states that, "[t]he arbitrator shall have no authority to render any decision which adds to, conflicts with or alters any provision of the Agreement."

26. The Arbitration Award next states that "[i]t is the particular facts and circumstances of any given case that defines the proper contractual length of any investigatory suspension." However, the parties did not negotiate a "contractual length" for an investigatory suspension – that was added by the Arbitrator in violation of Article 6.16.

27. The Arbitration Award then acknowledges that the Diocese's investigation is still pending, but concludes that the "Employer exceeded the time limit for an investigatory suspension pursuant to Article 3, Section 3.4 of the Agreement. When that time limit was exceeded [Grievant's] suspension in fact became disciplinary and subject to a just cause analysis which requires that disciplinary action be fair and equitable." Not surprisingly, the Arbitrator does not identify what his newly added "time limit" was, when it was exceeded and/or when the investigatory suspension supposedly morphed into a disciplinary suspension (despite the fact that Grievant is receiving his full pay and benefits).

28. In concluding that the added time limit was exceeded, the Arbitrator relies, in large part, on his conclusion that the Employer has not produced "a shred of evidence" that the Grievant engaged in any wrongdoing. In addition to completely ignoring two verified civil complaints that were admitted into evidence at the October 22, 2021 hearing, both of which accused Grievant of

serious sexual misconduct against minors, this rationale completely undermines the express purpose of an investigatory suspension under Article 3.4, i.e., to protect the "welfare of students." The Arbitrator's rationale in this regard dictates that a teacher accused of sexual misconduct cannot remain on an investigatory suspension, even with full pay and benefits, unless "evidence of wrongdoing" is presented at each stage of the investigation, regardless of what the ultimate outcome of the investigation might be. That is not what the parties negotiated, and it utterly defeats Article 3.4's goal of protecting "the welfare of the students." Moreover, it runs completely afoul of both the Union's and Employer's testimony at the hearing that there are many good reasons for keeping the details of an investigation confidential while it is pending, including to maintain the integrity of the investigation.

29.     The Arbitration Award requires Grievant to report to work on December 13, 2021 in an administrative capacity, and to begin teaching in the classroom with students on the first day of school starting in January of 2022, despite that (1) the Diocese's investigation is not yet complete and no final conclusion has been reached, (2) two verified civil complaints by two separate accusers alleging sexual misconduct by Grievant against minors are still pending, and (3) Grievant is receiving full pay and benefits while on investigatory suspension.

30.     The Arbitration Award must be vacated because it fails to draw its essence from the language of the Agreement, and the Arbitrator exceeded his authority under the Agreement in issuing the award.

## COUNT I

### The Award Fails to Draw its Essence from the Agreement

31.     Paragraphs 1 through 30 of this Complaint and Motion are incorporated herein by reference as if set forth fully herein.

32. Section 301 of the LMRA permits a court to vacate an Arbitration Award where the arbitrator's decision does not draw its essence from the language of the agreement and where the arbitrator exceeds their authority in issuing the award.

33. Here, the Arbitration Award impermissibly adds a "just cause" standard and a time limit to an investigatory suspension under Article 3.4 of the Agreement where none exist in the parties' negotiated Agreement.

34. The Arbitration Award must, therefore, be vacated because it does not draw its essence from the negotiated language of the Agreement.

## COUNT II

### The Arbitrator Lacked Jurisdiction to Render the Arbitration Award

35. Paragraphs 1 through 34 of this Complaint and Motion are incorporated herein by reference as if set forth fully herein.

36. By adding both a "just cause" requirement and a time limit to an investigatory suspension pursuant to Article 3.4, the Arbitrator exceeded his jurisdiction as an arbitrator, in clear violation of Article 6.16 of the Agreement that provides, "[t]he arbitrator shall have no authority to render any decision which adds to, conflicts with, or alters any provision of the Agreement."

37. The Arbitration Award must, therefore, be vacated because the Arbitrator exceeded his Authority by rendering an award that adds to, conflicts with, and alters the parties' negotiated Agreement.

WHEREFORE, Plaintiffs, Catholic High Schools of the Diocese of Pittsburgh, Inc. and Seton LaSalle High School, Inc., respectfully requests that this Honorable Court vacate Arbitrator David V. Breen's November 29, 2021 Opinion and Award.

Dated: December 10, 2021  Respectfully submitted,

/s/ James P. Thomas
James P. Thomas
PA ID No. 75960
jthomas@clarkhill.com
Andrew J. Ruxton
PA ID No. 322818
aruxton@clarkhill.com

CLARK HILL PLC
One Oxford Centre, 14th Floor
301 Grant Street
Pittsburgh, PA  15219
T: (412) 394-7746
F: (412) 394-2555

*Attorneys for Plaintiffs,
Catholic High Schools of the Diocese of
Pittsburgh, Inc. and Seton LaSalle High School,
Inc.*

264843203 v1